UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES BERNARD STARKE, JR.,

Plaintiff,

-against-

OFFICER FUENTES, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY; OFFICER
O'DELL, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY; JUDGE KEVIN F.
RUSSO, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY; ROCKLAND
COUNTY SHERIFF'S OFFICE; ROCKLAND
COUNTY JAIL; CLERK OF THE COURT OF
ROCKLAND COUNTY; STATE OF NEW
YORK,

Defendants.

**ORDER OF SERVICE**

25-CV-05767 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is currently incarcerated at the Rockland County Jail, brings this action *pro se* under 42 U.S.C. § 1983, alleging that Defendants violated, and are violating, his constitutional rights. He names as defendants: (1) Officer Fuentes, a court officer employed by the New York State Unified Court System ("UCS")[1], in his individual and official capacities; (2) Officer O'Dell, a UCS court officer, in his individual and official capacities; (3) Judge Kevin F. Russo, in his individual and official capacities; (4) the Rockland County Jail; (5) the Clerk of Court of Rockland County; and (6) the State of New York. Plaintiff brings claims under 42 U.S.C. § 1983 for a

---

[1] The complaint does not state which agency employed Officers Fuentes and O'Dell. Plaintiff subsequently filed a letter with the Court, unprompted, stating that they are state court officers. (ECF No. 13.)

violation of his rights under the First, Fourth, and Fourteenth Amendments, as well claims under

42 U.S.C. §§ 1985(3) and 1986. He seeks monetary and injunctive relief.[2]

By order dated March 11, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[3] For the reasons that follow, the Court: (1) dismisses, under the doctrine of sovereign immunity, the claims against the State of New York; (2) dismisses, under the doctrine of judicial immunity and quasi-judicial immunity, the claims against Judge Russo and the Clerk of Court of Rockland County, respectively; (3) dismisses the claims against the Rockland County Jail and Rockland County Sheriff's Department, for failure to state a claim, and substitutes in their place, under Rule 21 of the Federal Rules of Civil Procedure, the County of Rockland; (4) dismisses Plaintiff's claims under 42 U.S.C. §§ 1985(3) and 1986; and (5) directs service on Defendants Fuentes, O'Dell, and the County of Rockland.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman*

---

[2] On March 26, 2026, the Court designated this action as related to *Starke v. Fuentes*, No. 25-CV-03108 (PMH) and *Starke v. Rockland County*, No. 25-CV-07884 (PMH), both of which are pending before this Court.

[3] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are drawn from the complaint. On March 21, 2025, Officer Fuentes arrested Plaintiff "for lawfully filming in Rockland County Court." (Doc. 1, "Compl." at 2.) Ten days later, Plaintiff was again arrested "while lawfully attending court" in support of another person, and he was allegedly not provided with a probable cause hearing within 48 hours of his arrest. (*Id.*) Plaintiff has been confined in the Rockland County Jail since his March 31, 2025 arrest, and during that time, he has had "no access to the outdoors." (*Id.*) On an unspecified date, Officer O'Dell strip searched Plaintiff. (*Id.*) Finally, on an unspecified date, "Judge Russo entered a plea on Plaintiff's behalf." (*Id.*)

Plaintiff seeks monetary and injunctive relief.

## DISCUSSION

### A.    Defendant State of New York

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's § 1983 claims against the State of New York because they are barred by the Eleventh Amendment and are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

### B.    Defendants Russo and Clerk of Court of Rockland County

Plaintiff seeks both monetary relief from and injunctive relief against Judge Russo. As to Plaintiff's damages claim against Judge Russo, judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or

omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judge Russo acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 502 U.S. at 11-12. Because Plaintiff sues Judge Russo for "acts arising out of, or related to, individual cases before him," he is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Russo because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

As to Plaintiff's request for injunctive relief against Judge Russo, Plaintiff does not allege any facts suggesting that a "declaratory decree was violated [by Judge Russo] or [that] declaratory relief was unavailable." *See* 42 U.S.C. § 1983. Because Judge Russo is a judicial officer, and Plaintiff does not allege that he violated a declaratory decree or that declaratory relief was unavailable, the Court dismisses the claims for injunctive relief asserted against Judge Russo.

Plaintiff also seeks monetary relief against the Clerk of the Court for Rockland County. Judicial immunity has been extended to court clerks and "others who perform functions closely

associated with the judicial process" when they are performing discretionary acts of a judicial nature which are essential to the judicial process, especially the filing of court documents and managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to provide a litigant with documents and not to expand the record on appeal). The "filing and docketing [of] legal documents are an integral part of the judicial process and are [thus] entitled to absolute immunity." *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) (internal quotation marks and citation omitted), *aff'd*, 434 F. App'x 32 (2d Cir. 2011); *see Bey v. New York*, No. 11-CV-03296, 2012 WL 4370272, at *7 (E.D.N.Y. Sept. 21, 2012) (holding that "the court and deputy clerks are shielded by an absolute quasi[-]judicial immunity" in a suit alleging they refused to file documents). The Court must therefore dismiss Plaintiff's claims against the Clerk of the Court for Rockland County because Plaintiff seeks relief from a defendant who is immune, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills*, 645 F.3d at 177.

**C.      Defendants Rockland County Jail and Rockland County Sheriff's Office**

Plaintiff also names as defendants the Rockland County Jail and the Rockland County Sheriff's Office. In federal courts, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3). Under New York law, municipal agencies cannot be sued in the name of the agency, unless state law provides otherwise. *See Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*.") (emphasis added).

Under Rockland County's municipal charter, the Rockland County Sheriff's Department is not an entity that can be sued. *See* Rockland County Code § 169-4 ("Any act or omission of any

employee of the County in the Office of the Sheriff done or made in the performance of an official duty or for the performance of which the County is paid or receives compensation or fee shall be the act or omission of the County, and the damages, if any, resulting therefrom shall be deemed the liability of the County of Rockland."). The Court must therefore dismiss Plaintiff's claims against the Rockland County Sheriff's Department for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Similarly, Plaintiff's "claims against the Rockland County Jail must be dismissed because 'a jail is not an entity that is amenable to suit.'" *LaTouche v. Rockland Cnty.*, No. 22-CV-01437, 2022 WL 1292291, at *1 (S.D.N.Y. Apr. 29, 2022) (quoting *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-00420, 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983).

Considering Plaintiff's intention to pursue claims against administrative arms of Rockland County, the Court dismisses all claims against the Rockland County Sheriff's Department and the Rockland County Jail, and substitutes as a defendant in their place, under Rule 21, the County of Rockland. This amendment is without prejudice to any defenses that the County of Rockland may wish to assert.

**D.      Claims under 42 U.S.C. §§ 1985(3) and 1986**

To state a claim under Section 1985(3), a plaintiff must show the existence of: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious

discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (per curiam)).

Vague and unsupported assertions of a claim of conspiracy will not suffice. *See, e.g.*, *Wang v. Miller,* 356 F. App'x 516, 517 (2d Cir. 2009) (summary order). To maintain an action under Section 1985, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (internal quotation marks omitted).

Plaintiff fails to state a claim for conspiracy under Section 1985. Plaintiff does not allege any specific, nonconclusory facts suggesting that Defendants or anyone else entered into an agreement to deprive Plaintiff of his civil rights or took any overt act directed towards those ends. Plaintiff also fails to set forth any facts suggesting that any of Defendants' conduct was motivated by animus on the basis of Plaintiff's race, color, or other protected characteristic, or that it resulted in a denial of his rights. (*See generally* Compl.). The Court therefore dismisses Plaintiff's claims under Section 1985 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1986 provides a cause of action against anyone who, "having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." *Mian*, 7 F.3d at 1088 (quoting *Katz v. Morgenthau*, 709 F. Supp. 1219, 1236 (S.D.N.Y. 1989), *aff'd in part and rev'd in part on other grounds*, 892 F.2d 20 (2d Cir. 1989)). Thus, a Section 1986 claim must be predicated upon a valid Section 1985 claim. *Id.* (citing *Dacey v. Dorsey*, 568 F.2d 275, 277 (2d Cir. 1978)).

As discussed above, Plaintiff has failed to state a valid conspiracy claim under Section 1985, which is a mandatory predicate for a claim under Section 1986. The Court therefore

dismisses Plaintiff Section 1986 claims for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.**     **Order of Service: Defendants Fuentes, O'Dell, and the County of Rockland**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[4] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Fuentes, O'Dell, and the County of Rockland through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[4] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

## CONCLUSION

For the reasons set forth in this order, the Court dismisses Plaintiff's claims against Defendants Russo, Rockland County Sheriff's Department, Rockland County Jail, Clerk of the Court for Rockland County, and the State of New York. The Clerk of Court is directed to add the County of Rockland as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to issue summonses for Defendants Fuentes, O'Dell, and the County of Rockland, complete the USM-285 form with the address for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for purposes of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

**SO ORDERED.**

Dated:   White Plains, New York
      March 27, 2026

_____
PHILIP M. HALPERN
United States District Judge

10

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    County of Rockland
      Law Department
      11 New Hempstead Road
      New City, NY 10956

2.    Officer Fuentes
      Court Officer
      Rockland County Courthouse
      1 South Main Street
      New City, NY 10956

3.    Officer O'Dell
      Court Officer
      Rockland County Courthouse
      1 South Main Street
      New City, NY 10956