SKD
SARETSKY KATZ DRANOFF WEISS
565 Taxter Road, S
Elmsford, New Yor
TELEPHONE (212) 973
FACSIMILE (212) 973
E-MAIL rweissman@skdw

Application granted. The Court waives any pre-motion conference requirement, grants Defendants County of Rockland and O'Dell's application for leave to file a motion to dismiss, and sets the following briefing schedule: Defendants' motion to dismiss shall be served and filed by November 6, 2026; Plaintiff's opposition shall be served and filed by December 7, 2026; and Defendants' reply, if any, shall be served and filed by December 21, 2026.

Additionally, in light of the above, the Court grants Defendants' letter motion (Doc. 29) and adjourns the IPTC *sine die*.

The Clerk of Court is respectfully directed to terminate the letter motion pending at Doc. 29 and mail a copy of this Order to Plaintiff.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
October 6, 2026

***VIA ECF***
Hon. Philip M. Halpern
U.S. District Court, Southern District of New York
300 Quarropas Street, Courtroom 520
White Plains, New York 10601-4150

Re: *Charles Bernard Starke v. Officer Fuentes, O*
*Sheriff's Dept., Rockland County Jail, Clerk*
*York*
Index No.: 25-CV-5767 (PMH)

Dear Judge Halpern:

Defendants the County of Rockland ("the County")[1] and Officer O'Dell hereby submit this pre-motion letter pursuant to your individual practices in connection with a proposed Rule 12(b)(6) motion to dismiss Plaintiff's Complaint. Plaintiff, a *pro se* former inmate at the Rockland County Correctional Facility ("the Jail"), asserts claims that: (i) on March 31, 2025, O'Dell strip searched Plaintiff upon his admission to the Jail (Pg. 1 "Parties", §§ 2-3; Pg. 2 "Factual Allegations", §§ 2, 4); (ii) the County held Plaintiff in the Jail "with no access to the outdoors" (Pg. 2, "Factual Allegations", § 3); (iii) Plaintiff was "denied medical care" (Pg. 2, "Factual Allegations", § 6); and (iv) Plaintiff was "denied… access to counsel during confinement" (*Id.*). As discussed below, none of these claims states a cause of action.

**Failure to Exhaust Administrative Remedies as Required by Prison Litigation Reform Act**

The Prison Litigation Reform Act (42 U.S.C. §1997e) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

1. This court's March 30, 2026 Order of Service substituted the County of Rockland for defendants Rockland County Sheriff's Department and Rockland County Jail. (PACER Doc. 17, Pg. 2

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Here, Plaintiff did not file grievances as to the March 31 strip search, "having no access to the outside", being "denied medical care" or being "denied… access to counsel". As such, all his §1983 claims should be dismissed.

**<u>Strip Search Claim</u>**

Plaintiff's strip search claim also fails substantively. "Strip searches do not violate the Fourth Amendment even in the absence of reasonable suspicion if they are performed pursuant to policies that are 'reasonably related to legitimate penological interests.'" *Bird v. Cnty. of Westchester,* No. 20-CV-10076 (NSR), 2022 WL 2263794, at *3 (S.D.N.Y. June 23, 2022). In *Florence v. Board of Chosen Freeholders of County of Burlington*, 566 U.S. 318, 327-28 (2012), the Supreme Court addressed the exact situation presented in Plaintiff's Complaint – a strip search upon an inmate's admission to a jail – and held that:

> Correctional officials have a legitimate interest, indeed a responsibility, to ensure that jails are not made less secure by reason of what new detainees may carry in on their bodies…. Correctional officials have a significant interest in conducting a thorough search as a standard part of the intake process. The admission of inmates creates numerous risks for facility staff, for the existing detainee population, and for a new detainee himself or herself…. Persons just arrested may have wounds or other injuries requiring immediate medical attention. It may be difficult to identify and treat these problems until detainees remove their clothes for a visual inspection…. Jails and prisons also face grave threats posed by the increasing number of gang members who go through the intake process…. Detecting contraband concealed by new detainees, furthermore, is a most serious responsibility.

*Florence*, 566 U.S. at 322, 330–32.

Courts in this Circuit have repeatedly applied *Florence* to uphold strip searches conducted upon inmates' entry to jails or prisons. See *Bird, supra*; *Thomas v. Martin-Gibbons,* No. 19 CIV. 7695 (ER), 2020

WL 5026884, at *9 (SDNY Aug. 25, 2020); *Washington v. Falco*, 2021 U.S. Dist. LEXIS 37640, at *22, 2021 WL 797658 (SDNY Mar. 1, 2021).

Here, plaintiff's March 31, 2025 strip search occurred upon his admission to the Jail, immediately following his March 31, 2025 arrest. (Pg. 1 "Parties", §§ 2-3; Pg. 2 "Factual Allegations", §§ 2, 4) Pursuant to *Florence*, this serves a legitimate penological interest and is permissible. In fact, on May 13, 2026, Your Honor dismissed a strip search claim that Plaintiff filed in connection with a search following his visit with a member of the general public. See *Starke v. Fuentes* ("Starke I"), 25-CV-3108, PACER Doc. 96, Pgs. 8-10). There is nothing to distinguish the strip search claim dismissed in *Starke I* from the claim made here. Accordingly, the Complaint fails to state a plausible constitutional claim.

**<u>Failure to Plead Facts Concerning Claims Against County</u>**

Plaintiff's claims against the County are extraordinarily vague, with absolutely no factual enhancement. He claims he was "held since March 31, 2025, with no access to the outdoors", "denied medical care" and "denied… access to counsel during confinement". Without more, these conclusory claims fail to state a cause of action.

As to the claim of being "held… with no access to the outdoors", obviously, inmates are not allowed to leave the Jail unless they are in the custody of an officer. That is simply the nature of confinement. Thus, if Plaintiff is simply emphasizing that he was incarcerated, there is nothing unusual about not being allowed out. And, because the Complaint contains no facts elaborating on what Plaintiff means, the Complaint does not state a claim. If Plaintiff intends to say something other than that he was incarcerated and not allowed to leave the Jail, he needs to explain what exactly he is saying.

Likewise, Plaintiff's claim that he was "denied medical care" fails to state a claim since it does not indicate when this supposedly happened, what Plaintiff's medical condition was, whether the

condition was sufficiently serious to state a constitutional claim, what medical treatment was given, how it was supposedly deficient and who supposedly failed to provide it. Not all denials of medical care are constitutionally significant. See *Gomez v. County of Westchester*, 649 Fed. App'x 93, 95 (2d Cir. 2016) (To establish a constitutional claim arising out of inadequate medical care, a plaintiff must prove that prison or jail officials were deliberately indifferent to his "serious medical needs."); *Caiozzo v. Koreman,* 581 F.3d 63, 70–71 (2d Cir.2009) (same standard applies to claims brought by pretrial detainees pursuant to the Fourteenth Amendment); *Fate v. Petranker,* No. 19-CV-05519 (PMH), 2022 WL 2672317, at *5 (SDNY July 8, 2022) (for a denial of medical care claim, "a prisoner must demonstrate both an objectively serious medical deprivation and a sufficiently culpable mental state on the part of the charged official.") Thus, without factual enhancement as to what Plaintiff's claim is, it does not state a cause of action.

Similarly, regarding the claim that Plaintiff was denied counsel, he provides no factual details as to when this supposedly happened, how he was denied counsel, who denied access or the circumstances surrounding the supposed denial. Without any pleaded facts as to this issue, it is impossible to tell what Plaintiff's claim is, much less whether it is supported by facts, and it fails to state a cause of action. See *Tamarez v. Hochul*, No. 21CIV10678GHWSLC, 2023 WL 4564670, at *10 (SDNY June 30, 2023), *report and recommendation adopted,* No. 21-CV-10678 (GHW), 2023 WL 4562283 (SDNY July 17, 2023) ("Tamarez fails to allege a single instance on which she was unable to meet or speak with her counsel, let alone that such a denial 'unreasonably burdened [her] right to consult with [her] attorney or access the courts, and thus [her] allegation is insufficient to state a claim.'").

***Monell* Claim**

The claims against the County also fail because Plaintiff does not plead a *Monell* policy. "[A] local government may not be sued under §c1983 for an injury inflicted solely by its employees or agents.

Instead, it is when execution of a government's policy or custom… inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 674 (1978). Such a policy may be established through the existence of a formal policy, action by a final policymaker for the municipality, a pattern and practice that is sufficiently widespread as to practically have the force of law, or a failure to train that rises to the level of deliberate indifference. Plaintiff's Complaint does not assert the existence of any such policy and, thus, fails to state a § 1983 claim against the County.

**<u>Failure to File a Notice of Claim</u>**

A plaintiff asserting state law tort claims against a County must file a notice of claim with the County within ninety (90) days of the accrual of the cause of action. G.M.L. § 50-e; County Law § 52. Failure to file a timely notice of claim is a fatal defect that requires the dismissal of a plaintiff's cause of action. *Starke v. Fuentes*, No. 25-CV-03108 (PMH), 2026 WL 1328624, at *9 (SDNY May 13, 2026) ("Plaintiff's state-law claims… against Defendant Rockland County… must be dismissed for failure to comply with the notice of claim requirement."). Since Plaintiff did not file a notice of claim, any state law claims that could be read into the Complaint are barred and should be dismissed.

Thank you for your consideration.

Very truly yours,

Robert B. Weissman

cc: Charles Bernard Starke, Jr.
8501 Sawgrass Lane
Rowlett, TX 75089
charlesstarke32@gmail.com